UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASE NO. 4:07-CV-00064

**ROBERTA S. DUNLAP,**
**Chapter 7 Trustee**                                                                    **APPELLANT**

**V.**

**INDEPENDENCE BANK**                                                                 **APPELLEE**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an appeal by the Appellant, Trustee Roberta S. Dunlap ("Trustee"), of an order by the Bankruptcy Court denying her motion to vacate an Agreed Order of Abandonment and overruling her objection to Appellee's claim to a promissory note. Fully briefed, this matter is ripe for decision. For the following reasons, the Court reverses the decision of the bankruptcy court.

**I. FACTS**

On April 4, 2005, the Debtor, Nationwide Tower Company, filed a voluntary Chapter 7 bankruptcy petition. On November 7, 2005, the Bankruptcy Court entered an "Agreed Order of Abandonment" signed and submitted by the Debtor, Independence Bank, a creditor and the Appellee herein, and Roberta S. Dunlap, the Trustee. (R. 3). Notice of the intended abandonment was not sent to all the creditors. The Order states as follows:

> Comes Independence Bank, a secured creditor, and Nationwide Tower Company, debtor, by their respective counsel, and having advised the court that the debtor does not wish to redeem or reaffirm said indebtedness to said creditor on the collateral described in the loan documents, copies of which are attached to the creditor's Proof of Claim filed herein, that said creditor has a valid security interest in said collateral, that the debtor has no equity therein, that the Trustee has abandoned her interest therein, and the court being otherwise fully and sufficiently advised,

>IT IS HEREBY ORDERED that...the Trustee's interest in the subject property, including the debtor's business records and the computers on which such information is stored, is abandoned...that the creditor is permitted to immediately commence collection of the accounts receivable, which constitute collateral of creditor....and that the Trustee and the debtor are directed to immediately turn over to creditor all funds in their possession, which funds constitute collateral and/or proceeds of collateral belonging to the creditor....

(Id).

Approximately six months after the entry of this Order, the Trustee moved the bankruptcy court for an order authorizing her to pay Independence Bank funds remitted to her by National Tank & Tower, Inc., the signatory on a $200,000 promissory note to the Debtor, Nationwide Tower Company. (R. 5). Another creditor, First Tennessee Bank, objected to the payment claiming that Independence Bank's security interest in the promissory note was unperfected, and that "the Trustee, as a hypothetical lien creditor, has superior rights to the promissory note from National Tank & Tower." (R. 7)

Following First Tennessee's objection, the Trustee withdrew her motion to pay Independence Bank the funds associated with the promissory note. (R. 8). She then filed an objection to Independence Bank's claim to the promissory note on the basis that her lien rights as Trustee were superior to Independence Bank's unperfected security interest. (R. 9). Independence Bank countered claiming that the Trustee had abandoned her interest in the note pursuant to the terms of the Agreed Order of Abandonment. (R. 11). The Trustee then filed a motion to set aside and to vacate the Agreed Order of Abandonment. (R. 13).

On March 9, 2007, the Bankruptcy Court entered an order overruling 1) the Trustee's motion to vacate the Agreed Order of Abandonment; and 2) the Trustee's objection to Independence Bank's claim to the promissory note. (R. 20). The Bankruptcy Court concluded that the Trustee had

abandoned her interest in the promissory note pursuant to the Agreed Order of Abandonment and that the circumstances did not warrant setting aside the Agreed Order. (Id.)

## II. STANDARD OF REVIEW

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the bankruptcy court's finding of fact under a clearly erroneous standard, but reviews de novo the bankruptcy court's conclusions of law. Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631 (6th Cir. 1994).

## III. DISCUSSION

Independence Bank concedes the fact that its security interest in the promissory note is not perfected. Thus, the Trustee's rights in the note would prevail unless she has effectively abandoned them. The Bankruptcy Court found, and this Court agrees, that the promissory note was included in the broad descriptive language of the Agreed Order of Abandonment. The Bankruptcy Court also found the abandonment order effective despite the lack of notice to all creditors. It is on this point that the Court disagrees.

Section 554 of the Bankruptcy Code provides:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome or that is of inconsequential value and benefit to the estate.

11 U.S.C. § 554.

Bankruptcy Rule 6007 implements the notice and hearing requirements of §554. Bankruptcy Rule 6007(a) provides:

3

> Unless otherwise directed by the Court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to...*all creditors*. A party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice...

Thus, the statutory requirement for notice and a hearing prior to abandonment is clear. Notice gives creditors the opportunity to object to or approve of a proposed abandonment. In re Howard Ntl. Corp., 70 B.R. 278, 282 (N.D. Ill. 1987). Thus, the Ninth Circuit has held that "there is no abandonment without notice to creditors." Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d. 705, 709 (9th Cir. 1986) (citing Collier on Bankruptcy, ¶ 554.01 (15th ed. 1985)). See also Barletta v. Tedeschi, 121 B.R. 669, 672 (N.D.N.Y. 1990); In re Fossey, 119 B.R. 268, 271-272 (D. Utah 1990).

There is support for the Bankruptcy Court's conclusion and the Appellee's position. In Huntington National Bank v. Hunter, 76 B.R. 117, 120 (S.D. Ohio 1987), a bankruptcy court declined to set aside a trustee's abandonment, concluding that a trustee's inadequate notice arguments "are not persuasive when the trustee attempts to utilize them to set aside actions in which he was a knowledgeable and voluntary participant." However, the Court rejects this rationale for the reasons set forth below.

Although the Bankruptcy Court deemed notice to the Trustee sufficient, it clearly was not. The Trustee either made a mistake or intended to abandon property which she knew had value to the estate. Either way, the creditors should have been put on notice so as to voice objections. That is the very purpose of Rule 6007.

The Bankruptcy Court also seems to suggest that the lack of notice is excusable since the Agreed Order of Abandonment was docketed in the case file and any creditor could have become aware of its existence by simply looking at the docket. Perhaps that is true for the very diligent

creditor, however, if a rule provides that a creditor shall get notice before a Trustee abandons property, the creditor should be able to rely on it. And the fact that no creditor has filed any pleading in support of the Trustee's position is not significant. After all, it was First Tennessee's objection which brought this mess to light in the first place. It is not unreasonable for the other creditors to rely on the Trustee to try to correct her mistakes.

For these reasons, the Court holds that no abandonment can occur without notice to all creditors as Rule 6007 provides. The Court need not consider the other arguments raised by the Trustee.

### IV. CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is **REVERSED** and the matter is remanded with instructions to set aside the Agreed Order of Abandonment. **IT IS SO ORDERED**.

cc: Counsel of Record

    US Bankruptcy Court WD/KY
    David Stosberg, Judge, USBC