UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CASE NO. 4:07-CV-00064

**ROBERTA S. DUNLAP,**
**Chapter 7 Trustee**                                                                                        **APPELLANT**

**V.**

**INDEPENDENCE BANK**                                                                                  **APPELLEE**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon by the Appellee for the Court to reconsider its September 28, 2007 Memorandum Opinion and Order. (DN 11) Fully briefed, this matter is ripe for decision. For the following reasons, the Appellee's motion is **GRANTED in part and DENIED in part**.

**I. LEGAL STANDARD**

The Plaintiffs have brought their Motion to Reconsider pursuant to Fed. R. Civ. P. 52(b)[1] and 59(e).[2] When a Rule 59 motion is made to alter or amend a judgment, it may be granted if "there is clear error of law, newly discovered evidence, an intervening change in controlling law, or in order to prevent manifest injustice." GenCorp, Inc. v. American International Underwriters, 178 F.3d. 804, 834 (6th Cir. 1999)(citations omitted). To constitute "newly discovered evidence," the evidence must have been previously unavailable. Id.

---

[1]Fed. R. Civ. P. 52(b) provides: "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings - or make additional findings - and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59."

[2]Fed. R. Civ. P. 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

## II. ANALYSIS

The Appellee makes two arguments in support of its contention that the Court should reconsider its earlier decision, both of which seem to be grounded in the idea that the Court made a clear error of law. The Court will consider each of these arguments in turn.

First, the Appellee seems to argue that the Court erred in the standard of review it applied to the subject bankruptcy court decision. It contends that the bankruptcy court's denial of the Appellant's Rule 60(b) motion to set aside the Agreed Order of Abandonment should have been reviewed for abuse of discretion. The Court agrees that the Sixth Circuit has so held. See, e.g. Eglington v. Loyer (In re G.A.D., Inc.), 340 F.3d 331 (6th Cir. 2003). In Eglington, the court stated:

> The United States Court of Appeals for the Sixth Circuit reviews denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. The burden is on the movant to bring herself within the provisions of Rule 60(b). The Sixth Circuit finds an abuse of discretion only if it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. A lower court abuses its discretion when it relies on clearly erroneous findings of fact, improperly applies the law, or uses an incorrect legal standard.

340 F.3d at 334 (citations omitted).

However, for the reasons set forth in its previous Memorandum Opinion and Order, the Court finds that the bankruptcy court did abuse its discretion when it failed to set aside the Agreed Order of Abandonment pursuant to Rule 60(b). When the bankruptcy court entered the Agreed Order of Abandonment upon the Trustee's motion, without providing notice to all creditors, it violated Section 554 of the Bankruptcy Code. When the bankruptcy court refused to correct this mistake upon the Appellant's Rule 60(b)(1) motion, it committed a clear error of judgment.

The also Court holds, for the reasons set forth in its previous Memorandum Opinion and Order, that a balance of the equities supports the setting aside of the Agreed Order of Abandonment.

Finally, to the extent that the Appellee argues that the Court's statement that "no abandonment can occur without notice to all creditors" is overbroad, the Court agrees. The Court should have stated that no abandonment can occur pursuant to 11 U.S.C. § 554(a) or (b) without the notice and hearing that is therein required.[3] As another bankruptcy court has explained:

> Section 554 of the Bankruptcy Code is entitled "Abandonment of property of the estate" and provides:
>
>   (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>   (b) On request of a party in interest and after notice and a hearing, the [*6] court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>   (c) Unless the court orders otherwise, any property scheduled under section 521 (1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
>   (d) Unless the court orders otherwise, any property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.
>
>   Based on the language of the statute, ....the meaning of the statute is plain. Scheduled property may be abandoned by the trustee after notice to all creditors and a hearing; or, scheduled property, which is not administered by the trustee, is abandoned by operation of law upon the formal closing of the bankruptcy case. The statute does not....authorize a trustee to abandon property solely by filing any document with the bankruptcy court which is not accompanied by notice and a hearing. These notice and hearing requirements serve to protect the trustee, who often must make decisions based on incomplete or less than candid information supplied by debtors, but they serve to protect creditors from improvident, ill-advised or hasty decisions by bankruptcy trustees.

See, e.g., In re Beaton, 1997 Bankr. LEXIS 1312, *5-7 (Bankr. N.D. Ala. 1997).

---

[3] Bankruptcy Rule 6007 purportedly implements § 11 U.S.C. § 554. Rule 6007 provides: "*Unless otherwise directed by the Court*, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to...all creditors." However, to the extent that Rule 6007 conflicts with §554, the conflict must be settled in favor of the statute. This is because 28 U.S.C. § 2075, which implements the Bankruptcy Rules, provides that "such rules shall not abridge, enlarge or modify any substantive right." See, e.g., United States v. Simon, 1996 U.S. App. LEXIS 26634 (6th Cir. 1996)(citing In re Pacific Atlantic Trading Co., 33 F.3d 1064 (9th Cir. 1994)).

It is because the abandonment in this case violated these statutory requirements that the Court reversed the order of the bankruptcy court and remanded the case with instructions to set aside the Agreed Order of Abandonment. To the extent that the Appellee asks the Court to do otherwise, the Court declines.

### III. CONCLUSION

For the foregoing reasons, the Appellee's motion for reconsideration is **GRANTED in part** and **DENIED in part.** As directed in its previous Memorandum Opinion and Order, the decision of the Bankruptcy Court is **REVERSED** and the matter is remanded with instructions to set aside the Agreed Order of Abandonment. The Appellee's motion for a hearing is **DENIED**.

**IT IS SO ORDERED**.

cc: Counsel of Record

    USBC WD/KY
    David Stosberg, USBC Judge